# Ozeley *v.* The State.

*Forfeited Recognizance.*

1. *"Approved" need not be endorsed on undertaking of bail.*—An undertaking of bail conforming substantially to the requirements of the statute, is not void because the officer taking it does not endorse thereon "approved," and sign such endorsement. Such an endorsement is not the only evidence of the acceptance of the undertaking. It may be proven by other competent evidence.

2. *The acceptance of the bail shows its approval.*—Evidence that the undertaking was signed in the presence of the magistrate ; that he took possession of it and discharged the principal from custody, and the undertaking is sub-

[Ozeley v. The State.]

sequently found on file in the court to which it binds the principal to appear, is as satisfactory evidence of the approval and acceptance of the undertaking as its endorsement in the most formal manner.

APPEAL from the Circuit Court of Talladega.

Tried before the Hon. JOHN HENDERSON.

The defendant, W. T. Ozeley, William Ozeley, and James M. Reynolds, entered into an undertaking of bail. Its condition was that the said W. T. Ozeley, *alias* Thomas Ozeley, then in custody, should appear at the next term of the Circuit Court of Talladega county, to answer the charge of burglary. He failed to appear at court. Thereupon a judgment *nisi*, on motion of the solicitor, was entered against the said Thomas Ozeley, and William Ozeley, and James M. Reynolds, sureties of the said Thomas Ozeley, and a writ of *scire facias* " was ordered to be issued to them, to show cause at the next term of the court why the said judgment *nisi* should not be made absolute and final." The writ of *scire facias* was issued, and was executed on the said defendants.

At the fall term, 1877, of the said Circuit Court, the cause being called for trial, the solicitor moved the court to make final the judgment *nisi* which had been rendered in this cause at a previous term of the court. Whereupon the defendants craved *oyer* of the bond, and *scire facias* in this cause, which was read, as follows :

" The State of Alabama, Talladega county. We, Thomas Ozeley, William Ozeley, and James M. Reynolds, his sureties, acknowledge ourselves indebted to the State of Alabama in the sum of five hundred dollars, to be void if Thomas Ozeley appear at the next term of the Circuit Court of said county, and from term to term until discharged, and answer the charge of burglary preferred against me, Thomas Ozeley.

" Given under our hands, this, 11th day of September, 1875.　　　" W. T. OZELEY,　　　[SEAL.]
　　　　　　　　　　" WILLIAM OZELEY,　　[SEAL.]
　　　　　　　　　　" JAMES M. REYNOLDS,　[SEAL.]
　　　　　　　　" by William Ozeley."

" The State of Alabama, Talladega county. To Thomas Ozeley, William Ozeley, and James M. Reynolds: You are hereby notified that at the fall term, 1875, of the Circuit Court of said county, a judgment was rendered against you, of which the following is a copy : ·

" ' *The State of Alabama v. Thomas Ozeley.* Indictment for burglary. It appearing to the court that the said Thomas

[Ozeley v. The State.]

Ozeley, together with William Ozeley, and J. M. Reynolds, agreed to pay the State of Alabama five hundred dollars unless the said Thomas Ozeley appeared at this term of the court to answer in this case, and the said Thomas Ozeley having failed to appear, it is therefore ordered that the State of Alabama, for the use of Talladega county, recover of the said Thomas Ozeley, William Ozeley, and James M. Reynolds, on said undertaking, the sum of five hundred dollars, unless they appear at the next term of the court, and show cause why this cause should not be made absolute.'

"You are, therefore, hereby notified that said judgment will be made absolute against you at the next term of said court, unless you then appear and show cause against the same.

"Witness my hand, this the 25th day of October, A. D. 1875. "J. H. COKER, Clerk."

"Executed by serving copy on each of the within named defendants, December 30, 1875.

"F. A. NELSON, Sheriff."

The defendants then moved to quash the *scire facias* and bond, on the following grounds:

1. "Because what purports to be said bond was not approved by the magistrate before whom the preliminary trial was had. 2. Because what purports to be said bond is not an undertaking of bail, entered into under the statute, and approved by an officer authorized to take it. 3. Because what purports to be said bond can not be enforced by *scire facias* on a judgment *nisi*, as upon a forfeited undertaking of bail, properly entered into under the statute for that purpose." The court overruled the motion to quash, and the defendants excepted.

The State introduced a witness, who testified "that he was present at the preliminary trial, and that the parties signed the bond, which was written by the magistrate, in the presence of the magistrate, and the magistrate turned defendant loose upon said bond." Whereupon the court proceeded to make the said judgment final, and the defendant excepted.

GEORGE W. PARSONS, for appellant.—The whole law upon the undertaking of bail is in the Code. It directs when bail shall be allowed; how it shall be allowed; by whom it shall be taken, and the manner of its approval.—Code, § 4847. It requires every undertaking of bail to be in writing, signed by the defendant and at least two sufficient sureties, and

[Ozeley v. The State.]

approved by the magistrate, or officer taking the same, and expressed in a certain set form of words.  No deficiency in these particulars can be helped by parol-proof.—*Dover v. The State,* 45 Ala. 244; *State v. Whitley,* 40 Ala. 728; *Gray v. The State,* 43 Ala. 41.

The bond is not a statutory bond, and can not be enforced by *certiorari.*—Form in Code, p. 1001; 45 Ala. 244.

JOHN W. A. SANFORD, Attorney-General, *contra.*

BRICKELL, C. J.—The taking of bail is defined by statute, as the acceptance by a competent court, magistrate, or officer, of sufficient bail for the appearance of the defendant according to the legal effect of his undertaking, or for the payment to the State of a certain specified sum if he does not appear.—Code of 1876, § 4841.  When not taken in open court, the *undertaking* of bail must be in writing, signed by the defendant and at least two sufficient sureties, and approved by the magistrate or officer taking the same; and may be substantially in the form given by the statute. Code of 1876, § 4847.

The undertaking entered into by the appellants was taken by a competent magistrate, and conforms substantially to the statutory form, except that the magistrate did not endorse on it the word *approved,* and sign such endorsement. The only effect of the endorsement, if made, would have been as evidence of the fact that the magistrate had accepted the bail.  There is no indication in the statute of a purpose to make such endorsement the exclusive evidence of this fact, and if the fact is controverted, any other satisfactory and legal evidence is admissible to prove it.  Evidence that the undertaking was signed in the presence of the magistrate, and that on its execution he took possession of it and discharged the principal from arrest, when the undertaking is found subsequently on file in the court to which it binds the principal to appear, is as satisfactory evidence of the fact, as the endorsement would be, if it had been made in the most formal manner.

The judgment is affirmed.